# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# CENTRAL DIVISION
# AT LEXINGTON

**CIVIL CASE NO. 09-7100-JMH-CJS**
**CRIMINAL NO. 05-63-JMH-CJS**

**UNITED STATES OF AMERICA**                                              **PLAINTIFF**

**v.**                     **REPORT AND RECOMMENDATION**

**CHRISTOPHER HOLLOWAY**                                           **DEFENDANT**

\* \* \* \* \* \* \* \* \* \*

On October 27, 2009, Defendant Christopher Holloway (Holloway) filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence. (R. 93). On November 20, 2009, Holloway filed a motion to amend his § 2255 motion, which the Court granted. (R. 97, 104). On December 10, 2009, the United States filed a Response (R. 99), to which Holloway filed a Reply (R. 101, 102). Pursuant to local practice, this matter has been referred to the undersigned for the preparation of a Report and Recommendation pursuant to 28 U.S.C. § 636(b). Having considered all relevant documents before the Court, for the reasons set forth below, it is recommended that Defendant's § 2255 motion be **denied.**

## I. BACKGROUND

On April 8, 2005, a federal grand jury returned an Indictment charging Holloway with knowingly and intentionally possessing with intent to distribute five grams or more of cocaine base, knowingly possessing a firearm in furtherance of drug trafficking, being a felon in possession of a firearm, and two counts of forfeiture. (R. 1).

Holloway's jury trial commenced on September 30, 2005, and concluded the next business day – October 3, 2005, when the jury returned a verdict of guilty on Counts One and Three, and not

guilty on Count Two. (R. 52, 57). The evidence at trial established that on January 14, 2005, Officer Masterson conducted a traffic stop of Holloway's vehicle. (R. 73, at 16-18). Officer Masterson testified that as he approached the car, he observed the driver, Holloway, roll down the window and put both hands outside the car. (*Id*. at 19). Officer Masterson also observed a large amount of smoke emanating from the window, and he detected the odor of marijuana. (*Id.*). He also testified that he observed a female passenger who appeared to be under the influence of narcotics. (*Id*. at 21). Officer Masterson asked Holloway to exit the vehicle. Once out of the vehicle, Holloway admitted to smoking marijuana before the traffic stop and stated that he crushed the joint in the floorboard of his vehicle. (*Id*.).

Officer Masterson arrested Holloway for operating a motor vehicle while under the influence, and arrested the passenger, who was in possession of a crack pipe, for being under the influence. (*Id*. at 21). Upon searching the vehicle, officers found a marijuana blunt on the floorboard, 1.2 grams of bagged marijuana in the vehicle, and a loaded .380 caliber semi-automatic pistol under the driver's side floor mat. (*Id*. at 22-24). In addition, Officer Masterson found 5.4 grams of bagged crack cocaine and $94 cash in Holloway's left front pants pocket, $300 cash in his right rear pants pocket, rolling papers in his pants pocket, and 2.2 grams of bagged crack cocaine in his shirt pocket. (*Id*. at 22-23).

Officer Masterson also found three cell phones in the vehicle. When the officer answered one of several calls made to one of the phones, a male voice stated, "Chris, I need a $50 rock on American Avenue." (*Id.* at 24-26). Jeff Kirkland testified that he made that call to Holloway on the night of the stop for the purpose of purchasing $50 worth of crack cocaine. (*Id*. at 66-67). The prosecution introduced phone logs that verified calls were made from Kirkland's grandmother's

2

telephone to Holloway's cell phone on the night of the stop. Testimony also revealed that when he was stopped, Holloway was less than five miles from Kirkland's location. An agent from the Bureau of Alcohol, Tobacco and Firearms (ATF) testified that the firearm found in Holloway's car in Lexington, Kentucky, was manufactured in Virginia. (R. 73-2, at 49).

Subsequent to the entry of the jury's verdict of guilty on Counts One and Three, and not guilty on Count Two, Holloway appeared before the District Court for sentencing on December 12, 2005. (R. 66). The Court acknowledged that the Guidelines suggested a sentencing range of 262 to 327 months of incarceration. (R. 77, at 7). The District Court sentenced Holloway to a total term of imprisonment of 262 months, to be followed by a 4-year term of supervised release. (R. 67, 77).

On December 19, 2005, Holloway appealed his conviction and sentence. (R. 71). On December 12, 2007, the Sixth Circuit affirmed the conviction and sentence on direct appeal. (R. 80). On March 11, 2008, Holloway petitioned the United States Supreme Court for certiorari, which was denied. (R. 87 & 88).

On March 18, 2008, Holloway filed a Motion to Reduce Sentence based upon a retroactive application of Amendment 706 to the Sentencing Guidelines. (R. 82). The District Court denied the motion, finding Holloway had been sentenced as a career offender rather than under the crack cocaine Guidelines. (R. 83). On May 14, 2008, more than two years after his sentencing hearing, Holloway filed a second Motion for Reduction of Sentence, objecting to certain findings in the Presentence Investigation Report. (R. 84). The District Court denied the motion, finding the issues raised therein were meritless, untimely, and waived. (R. 85). On May 27, 2008, Holloway appealed the denial of his Motion to Reduce Sentence to the Sixth Circuit. (R. 86). On September 3, 2009, the Sixth Circuit affirmed the District Court's denial of the Motion to Reduce Sentence. (R. 92).

On October 27, 2009, Holloway filed the pending motion pursuant to 28 U.S.C. § 2255. In his motion, Holloway presented a claim for a violation of his Fifth Amendment right to due process, arguing the District Court refused to lower his sentence after the applicable Sentencing Guideline was amended. Holloway's motion also presented claims of ineffective assistance of counsel during trial for: 1) failing to call certain witnesses at trial; 2) failing to object to chain of custody evidence; 3) failing to effectively cross-examine certain witnesses; 4) failing to object to evidence of a marijuana "blunt" being found in his vehicle; 5) failing to object to inappropriate comments of the Judge; and 6) failing to argue against the charge of being a felon in possession of a firearm. (R. 93, 97). On November 20, 2009, Holloway amended his motion to add an additional claim of ineffective assistance of counsel during sentencing based upon counsel's failure to argue the difference between the cocaine base and crack cocaine Guidelines. (R. 97).

## II. ANALYSIS

The statute governing Holloway's motion to obtain habeas relief requires that Holloway demonstrate his "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). To succeed on a § 2255 motion alleging constitutional error, Holloway "must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." *Watson v. United States,* 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson,* 507 U.S. 619, 637-38 (1993)). To prevail on a § 2255 motion alleging a nonconstitutional error, Holloway "must establish a 'fundamental defect which inherently results in a complete miscarriage of justice,' or an error so egregious that it amounts to a violation of due

4

process." *Id.* (quoting *United States v. Ferguson,* 918 F.2d 627, 630 (6th Cir. 1990) (citing *Hill v. United States,* 368 U.S. 424, 428 (1962)).

    A.    **Claim of Error in Sentencing**

Holloway argues that the District Court violated his Fifth Amendment right to due process when it refused to lower his sentence after the applicable Sentencing Guideline was amended. Holloway appealed the District Court's decision to deny his Motion to Reduce Sentence to the Sixth Circuit. The Sixth Circuit affirmed, finding Holloway was not eligible for a sentence reduction under Amendment 706 to the Sentencing Guidelines because he was sentenced as a career offender and the career offender Guideline range was not affected by the Amendment. (R. 92) (Sixth Circuit Order of September 3, 2009, in *United States v. Holloway,* No. 08-5727, affirming the District Court's denial of Holloway's Motion for Reduction in Sentence).

Holloway "may not use [his] § 2255 motion 'to relitigate an issue that was raised and considered on direct appeal absent highly exceptional circumstances, such as an intervening change in the law.'" *United States v. DeGroat,* 102 F. App'x 956, 959 (6th Cir. 2004) (quoting *Jones v. United States,* 178 F.3d 790, 796 (6th Cir. 1999)). Here, Holloway does not argue that highly exceptional circumstances exist or that there has been a change in the law since the Sixth Circuit issued its Judgment on the issue. Accordingly, Holloway cannot relitigate the issue here. *See id.; Stephan v. United States*, 496 F.2d 527, 528-29 (6th Cir. 1974).

    B.    **Claims of Ineffective Assistance of Counsel**

The Sixth Circuit has held that a post-conviction motion under § 2255 is the proper vehicle for raising claims of ineffective assistance of counsel. *United States v. Crowe,* 291 F.3d 884, 886 (6th Cir. 2002) (citing *United States v. Wunder,* 919 F.2d 34, 37 (6th Cir. 1990)). Holloway alleges

that his counsel was ineffective during trial because he: 1) failed to call certain witnesses at trial; 2) failed to object to chain of custody evidence; 3) failed to effectively cross-examine certain witnesses; 4) failed to object to evidence of a marijuana "blunt" being found in his vehicle; 5) failed to object to inappropriate comments of the Judge; and 6) failed to argue against the felon in possession of a firearm charge. Holloway further alleges that his counsel was ineffective during sentencing because he failed to argue the difference between the cocaine base and crack cocaine Guidelines. (R. 93, 97).

In *Strickland v. Washington,* 466 U.S. 668, 687 (1984), the Supreme Court established the two-part test for evaluating claims of ineffective assistance of counsel. To prevail on an ineffective assistance of counsel claim, a defendant must first demonstrate that his counsel's performance was deficient. *Id.* This requires Holloway to show that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 687-88. To demonstrate this first prong, Holloway must point to specific errors in counsel's performance, and the reviewing court must subject the allegations to rigorous scrutiny, determining "whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland,* 466 U.S. at 690. The court must "indulge a strong presumption" that counsel's conduct was reasonable and might be considered sound trial strategy. *Id.* at 689-90 (citation omitted). "Judicial scrutiny of a counsel's performance must be highly deferential." *Id.* at 689. "[E]very effort must be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* The second prong of the test requires a defendant demonstrate that the deficient performance prejudiced his defense. *Id.* at 687. This requires Holloway to show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *See id.* at

694. Holloway must prove both prongs of the two-prong test to carry his burden of establishing that his counsel's assistance was constitutionally ineffective. *See id.* at 697.

### 1. Ineffective Assistance of Counsel During Trial

Holloway argues that his counsel was ineffective for failing to call certain witnesses at trial. Holloway contends that counsel should have called Shawn Trina Clay, Officer Biroschik, the sister of Jeff Kirkland and other unnamed officers as witnesses, but does not provide any affidavits to establish what these witnesses might have said under oath. Instead, Holloway merely identifies the issues on which these witnesses could have offered testimony. Without supporting affidavits, determining what these witnesses might have testified to at trial is merely speculative and does not establish sufficient prejudice. *See Tinsley v. Million*, 399 F.3d 796, 810 (6th Cir. 2005) (without evidence of what uncalled witnesses would have said under oath, cannot show prejudice from counsel's strategy not to call them). For instance, Holloway's assertion that Shawn Trina Clay, the passenger in Holloway's vehicle at the time he was pulled over, could have testified "about the firearm that was found in the vehicle," leaves the Court to speculate as to whether this testimony would have been helpful to the Holloway such that the absence of her testimony establishes prejudice. Absent such proof, Holloway fails to establish prejudice under *Strickland* because he has not demonstrated that the outcome would have been different but for his counsel's ineffective assistance in not calling these witnesses.

Moreover, the decision whether to call a witness to testify at trial is a matter of trial strategy that falls squarely within counsel's domain. This is not, as Holloway suggests in his reply, a case where counsel failed to investigate. Instead, Holloway's counsel presented witnesses and diligently pursued a defense that the cocaine attributed to Holloway was for personal use, not distribution. The

7

Court's scrutiny of defense counsel's performance is highly deferential. Holloway's counsel is strongly presumed to have rendered adequate legal assistance, and to have made all decisions in the exercise of reasonable professional judgment and sound trial strategy. *Nix v. Whiteside*, 475 U.S. 157, 165 (1986); *Strickland*, 466 U.S. at 689-90. Holloway has not come forward with any evidence to rebut this presumption. Thus, his claim of ineffective assistance of counsel in this regard is rejected.

Holloway also argues that his counsel was ineffective because he failed to object to the testimony of Officer Prebble, the current supervisor of the property and evidence unit, who lacked first-hand knowledge of the chain of custody for the evidence in this case. Contrary to Holloway's assertions, the record establishes that his counsel did object to the prosecution introducing any testimony regarding the physical evidence, arguing the prosecutor failed to establish a chain of custody for the evidence. (R. 73, at 12-14). The District Court disagreed and overruled counsel's objection, finding that a chain of custody had been adequately established. (R. 73, at 13). The Court finds counsel diligently pursued this issue; the District Court simply did not accept his argument. Accordingly, Holloway fails to establish that his counsel's performance fell below a reasonable professional standard.

Holloway next argues that his counsel provided ineffective assistance because he failed to effectively cross-examine four witnesses. Holloway asserts that his counsel was ineffective because he did not argue his objections to Officer Masterson or Mr. Kirkland's testimony and did not raise the objections on cross-examination. The record, however, evidences that during both Masterson and Kirkland's direct examinations, defense counsel raised multiple objections, some of which were sustained. (R. 76, at 26, 31, 32, 33, 34, 37, 38, 43, 44, 45, 46, 62, 63). Although it may not have

8

been clear to Holloway why his counsel was making the objection, the experienced District Judge did not require explanation on every objection. Moreover, Holloway has not established that arguing these objections would have altered the result of the trial. Thus, Holloway has not established either prong of the *Strickland* test on this issue.

Holloway also argues that his counsel did not seem to be paying attention during Officer Whittlesey's testimony and did not know what to say or do during Sergeant Ford's testimony. With respect to Officer Whittlesey, Holloway argues that had counsel been paying attention to the direct examination, he would have known the witness had already answered similar questions on direct. When cross-examining witnesses, however, it may be sound trial strategy for counsel to ask a witness questions that were asked in a different manner on direct in an attempt to challenge the earlier testimony or emphasize certain points. Holloway has the burden to overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Strickland*, 466 U.S. at 689. In reviewing a claim of ineffective assistance of counsel, courts should avoid second-guessing an attorney's trial strategy, and "every effort [should] be made to eliminate the distorting effects of hindsight." *Id*. Here, defense counsel made numerous tactical decisions; he raised objections, cross-examined material witnesses, and called defense witnesses. The record supports a finding that he acted reasonably. Further, Holloway has not demonstrated that he was prejudiced by counsel's conduct.

Holloway also contends that counsel should have objected to Officer's Masterson's testimony that he found a "marijuana blunt" on the floorboard. Holloway has failed to show that Officer Masterson testified falsely, thus, his counsel's failure to object to such testimony does not constitute ineffective assistance of counsel. *Davis v. Burt*, 100 F. App'x 340, 346 (6th Cir. 2004).

been clear to Holloway why his counsel was making the objection, the experienced District Judge did not require explanation on every objection. Moreover, Holloway has not established that arguing these objections would have altered the result of the trial. Thus, Holloway has not established either prong of the *Strickland* test on this issue.

Holloway also argues that his counsel did not seem to be paying attention during Officer Whittlesey's testimony and did not know what to say or do during Sergeant Ford's testimony. With respect to Officer Whittlesey, Holloway argues that had counsel been paying attention to the direct examination, he would have known the witness had already answered similar questions on direct. When cross-examining witnesses, however, it may be sound trial strategy for counsel to ask a witness questions that were asked in a different manner on direct in an attempt to challenge the earlier testimony or emphasize certain points. Holloway has the burden to overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Strickland*, 466 U.S. at 689. In reviewing a claim of ineffective assistance of counsel, courts should avoid second-guessing an attorney's trial strategy, and "every effort [should] be made to eliminate the distorting effects of hindsight." *Id*. Here, defense counsel made numerous tactical decisions; he raised objections, cross-examined material witnesses, and called defense witnesses. The record supports a finding that he acted reasonably. Further, Holloway has not demonstrated that he was prejudiced by counsel's conduct.

Holloway also contends that counsel should have objected to Officer's Masterson's testimony that he found a "marijuana blunt" on the floorboard. Holloway has failed to show that Officer Masterson testified falsely, thus, his counsel's failure to object to such testimony does not constitute ineffective assistance of counsel. *Davis v. Burt*, 100 F. App'x 340, 346 (6th Cir. 2004).

Moreover, Holloway cannot show he was prejudiced by his Masterson's testimony regarding the marijuana blunt, because Officer Masterson offered other testimony to establish Holloway's marijuana use at the time of the stop. Specifically, Masterson testified that Holloway admitted that he had just smoked a joint and crushed it out on the floorboard. He also testified that as he approached the vehicle, he smelled marijuana emanating from the window. Thus, Holloway has not shown the result of the trial would have been any different if his attorney had objected to the use of the term "marijuana blunt" or to the Officer's testimony regarding finding the blunt. Thus, Holloway has not met his burden under *Strickland* on this claim.

Holloway further argues that counsel was ineffective for not objecting to what he deemed inappropriate comments from the District Judge and the Judge's advocating for the prosecution. Holloway raised the issue of the Judge's comment about the possibility of his playing basketball for the University of Kentucky on direct appeal, and the Sixth Circuit found the Judge committed no error. (R. 80, at 10-11). Further, the Sixth Circuit held "[a]lthough we find no error, any error would have been cured by the court's instruction that its comments and questions are not evidence and '[n]othing I've said or done during this trial is meant to influence your decision in any way.'" (*Id.*).

The Sixth Circuit's finding that any error was cured by the District Court's instruction would also pertain to the other comments Holloway now alleges were improper. Accordingly, although this Court concludes that the comments Holloway finds objectionable were not improper, any error was cured by the Court's instructions, and thus counsel was not ineffective for not objecting or raising the issue with the District Court.

Lastly, Holloway contends that counsel provided ineffective assistance by not arguing against the firearm charge. Specifically, Holloway argues that the prosecution only established that the

firearm found in his car was manufactured in Virginia and distributed to wholesalers. He argues that no testimony was offered that the firearm had crossed state lines, and that his counsel was ineffective for not cross-examining the ATF agent or arguing to dismiss the charge.

Holloway raised an insufficiency of the evidence claim regarding the firearm conviction in his direct appeal to the Sixth Circuit. (R. 80) (Sixth Circuit's decision in *United States v. Holloway*, 257 F. App'x 869, 874-75 (6th Cir. 2007)). The Sixth Circuit held "[t]he fact that the firearm was manufactured in Virginia and found in Holloway's possession in Kentucky establishes that it traveled in commerce." *Id*. (citing *United States v. Fish*, 928 F.2d 185, 186 (6th Cir.1991) ("[F]irearms possessed in a state other than the state of manufacture constitute firearms in or affecting commerce."). The Sixth Circuit concluded that the evidence was sufficient to support Holloway's conviction on Count Three of the Indictment. *Id*. at 875. Holloway has not presented any new evidence to establish that his attorney was ineffective for not cross-examining the ATF agent, nor has he explained how he was prejudiced by counsel's decision not to question him.

Further, counsel's decision whether to cross-examine a witness constitutes trial strategy. *Evans v. United States*, 284 F. App'x 304, 311 (6th Cir. 2008). Holloway has not presented any evidence to overcome the presumption that this decision constituted sound trial strategy, especially in light of the evidence that the firearm was manufactured in another state than where it was found thus establishing the requisite nexus. Further, Defendant has failed to demonstrate that the allegedly deficient performance of his counsel prejudiced the defense; that, but for the deficiency, the outcome of the proceedings would have been different. *Strickland*, 466 U.S. at 694. The Court concludes that the decision of Holloway's counsel not to cross-examine the ATF agent was a matter of trial

strategy that fell within the wide range of reasonable professional assistance under *Strickland*. Thus, Holloway's ineffective assistance claim on this issue fails.

In summary, the record in this case has been thoroughly reviewed, as have Holloway's contentions directed to the trial conduct of his counsel. The record evidences that Holloway was well represented at trial. Therefore, each of his claims of ineffective assistance of counsel in this regard fails.

### 3.  Ineffective Assistance of Counsel During Sentencing

Holloway argues that counsel was ineffective in failing to argue the difference between the crack cocaine and the cocaine base Guidelines. Specifically, Holloway states:

> [His] Attorney did not know anything about 'crack or cocaine base.' There for [sic] when the government did not prove that the substance was not 'crack', that it was 'cocaine base,' [his] Attorney did not know the differant [sic] between the two types to argue the right guidelines for [him].

(R. 97).

The Sixth Circuit addressed the interchangeable use of these terms in *Goldsby v. United States*, 152 F. App'x 431, 437-38 (6th Cir. 2005). In *Goldsby*, the defendant argued that he received ineffective assistance of counsel because his counsel failed to object to the government's interchangeable use of the terms "cocaine base" and "crack." Defendant claimed that use of the term "crack" was impermissible because the lab report did not show the drugs in question to be crack, but "cocaine base." The Sixth Circuit stated: "[s]trictly speaking, crack is a particular type of cocaine base, but for purposes of the sentencing guidelines, 'cocaine base' means 'crack.'" *Id.* (citing *United States v. Owusu*, 199 F.3d 329, 339 (6th Cir. 2000), *abrogated on other grounds by Buford v. United States*, 532 U.S. 59 (2001)).

12

The *Goldsby* Court further noted that although defendant's contention that the lab report did not establish the drugs to be crack was correct, it also did not establish that they were not crack. Instead, the report merely stated the drugs to be "cocaine base." *Id*. The Sixth Circuit concluded that the defendant had not produced any evidence showing he was prejudiced by the interchangeable use of the terms, and therefore he failed to establish ineffective assistance of counsel on this basis.

Similarly, Holloway has not produced any evidence to show that he was prejudiced by the interchangeable use of the terms "crack cocaine" and "cocaine base." For purposes of the Guidelines, "crack" means "cocaine base." *Id*.

Moreover, Holloway was ultimately sentenced under the Guidelines as a career offender rather than under the crack cocaine Guidelines. (R. 77, at 6-7). The Sixth Circuit affirmed the District Court's judgment denying his motion for a modification of his sentence based upon an amendment to the Guidelines for crack cocaine offenses. (R. 92). The Sixth Circuit held "[i]n this case, the amendment would not have decreased Holloway's offense level; rather, Holloway's total offense level as a career offender would have remained at 34, and his sentencing range would have remained the same. USSG § 4B1.1(b)(B)." (R. 92, at 2). Accordingly, Holloway's claim that counsel was ineffective at sentencing for not knowing the difference between crack cocaine and cocaine base lacks merit, because he has not demonstrated prejudice since he was not sentenced under the Guidelines for cocaine offenses.

## III. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Federal Rules Governing Section 2255 Proceedings, effective December 1, 2009, a district court must issue or deny a certificate of appealability (COA) when it enters a final order adverse to the applicant. A certificate may issue only if a defendant has made

a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (addressing issuance of a COA in the context of a habeas petition filed under 28 U.S.C. § 2254, which legal reasoning applies with equal force to motions to vacate brought pursuant to 28 U.S.C. § 2255). In cases where a district court has rejected a defendant's constitutional claims on the merits, "the [defendant] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id*. "When a district court denies a habeas petition on procedural grounds without reaching the [defendant]'s underlying constitutional claim, a COA should issue when the [defendant] shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists would not debate the denial of the Holloway's § 2255 motion or conclude that the issues presented are adequate to deserve encouragement to proceed further. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it is recommended that a certificate of appealability be **denied** upon the District Court's entry of its final order in this matter.

## IV. CONCLUSION AND RECOMMENDATION

For the reasons stated herein, **IT IS RECOMMENDED** that:

(1) Defendant Holloway's Motion to Correct, Set Aside or Vacate Sentence under 28 U.S.C. § 2255 and amendment thereto (R. 93, 97) be **denied**;

(2) this matter be **dismissed** and **stricken** from the active docket of this Court; and,

(3)  the issuance of a Certificate of Appealability be **denied** by the District Court in conjunction with the Court's entry of its final order in this matter.

Specific objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service or further appeal is waived. Fed. R. Civ. P. 72(b)(2); *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd*, 474 U.S. 140, 155 (1985). A general objection that does not "specify the issues of contention" is not sufficient to satisfy the requirement of a written and specific objection. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505, 508-09 (6th Cir. 1991)). Poorly drafted objections, general objections, or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal. *Howard*, 932 F.2d at 509. A party may respond to another party's objections within fourteen (14) days of being served with a copy of those objections. Fed. R. Civ. P. 72(b)(2).

Dated this 27th day of October, 2010.



Signed By:
*Candace J. Smith*
United States Magistrate Judge

G:\DATA\habeas petitions\2255 ineffective assistance counsel\05-63-Holloway.wpd