```
                      UNITED STATES DISTRICT COURT
                      EASTERN DISTRICT OF KENTUCKY
                        CENTRAL DIVISION at LEXINGTON
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. |
| | ) | 5:05-63-JMH-CJS |
| v. | ) | (Civil Action No. 5:09-07100- |
| | ) | JMH-CJS) |
| CHRISTOPHER HOLLOWAY, | ) | |
| | ) | |
| Defendant. | ) | **MEMORANDUM OPINION AND ORDER** |

                    **    **    **    **    **

This matter is before the Court on the Report and Recommendations of Magistrate Judge Candace J. Smith [DE 106]. Defendant Holloway filed a motion under 28 U.S.C. § 2255 [DE 93], seeking to vacate, set aside or correct his sentence, then filed an amendment thereto [DE 97]. The United States has filed a Response in Opposition [DE 99], and Defendant has filed a Memorandum of Law in support of his Motion [DE 101, 102]. These materials were all considered by the Magistrate Judge in the preparation of her Report and Recommendations [DE 106], in which she recommends that Defendant Holloway's motion under § 2255 be denied on a number of grounds. Defendant Holloway has since filed an Objection [DE 107] to the Report and Recommendations, as well as a paper styled "Amendment to Appellant's 2255 Motion" [DE 108]. This matter is now ripe for the Court's consideration, and the Court has considered all of the argument and analysis in the materials listed above, as well as the record of this matter in its entirety, in

reaching its decision.

I. **REVIEW OF MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS**

In the instant matter, the Court referred Petitioner's motion to the Magistrate Judge to conduct hearings and file proposed findings of fact and recommendations for disposition as permitted by rule. *See* Rule 8(b) for Section 2255 Proceedings. The Report and Recommendations having been filed in the record of the matter, this Court "must determine de novo any proposed finding or recommendation to which objection is made. The judge may accept, reject, or modify any proposed finding or recommendation." *Id.*; *see also* 28 U.S.C. § 636 ("a judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations made by the magistrate judge."). However, when a petitioner fails to file any objections to the report and recommendations, as with some of the issues in this case, "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Consequently, this Court adopts the reasoning set forth in the Report and Recommendations as to those issues where Defendant has not objected to the Report and Recommendations, as its own.

Where Petitioner has filed objections, those issues are discussed below.

## II. Background

Defendant Holloway was indicted by the federal grand jury on April 8, 2005, charged with knowingly and intentionally possessing with intent to distribute five grams or more of cocaine base, knowingly possessing a firearm in furtherance of drug trafficking, being a felon in possession of a firearm, and two counts of forfeiture. He was tried before a jury in a trial which extended over the course of two days, September 30, 2005, and October 3, 2005. The jury returned a verdict of guilty on Counts One and Three, and not guilty on Count Two.

At trial, the jury heard evidence that, on January 14, 2005, Officer Masterson conducted a traffic stop of Holloway's vehicle. When Officer Masterson approached the car, he observed that Holloway rolled down the window and put both hands outside the car. Officer Masterson also observed a large amount of smoke emanating from the window, detected the odor of marijuana, and observed a female passenger who appeared to be under the influence of narcotics.

Officer Masterson asked Holloway to exit the vehicle, which Holloway did. There, Holloway admitted to smoking marijuana before the traffic stop and stated that he crushed the joint in the floorboard of his vehicle. Officer Masterson arrested Holloway for operating a motor vehicle while under the influence, and arrested the passenger, who was in possession of a crack pipe, for being under the influence. In the vehicle, officers found a marijuana

"blunt" on the floorboard, 1.2 grams of bagged marijuana in the vehicle, and a loaded .380 caliber semi-automatic pistol under the driver's side floor mat. Officer Masterson found 5.4 grams of bagged crack cocaine and $94 in cash in Holloway's left front pants pocket, $300 in cash in his right rear pants pocket, rolling papers in his pants pocket, and 2.2 grams of bagged crack cocaine in his shirt pocket.

Unfortunately for Holloway, Officer Masterson also found three cell phones in the vehicle. When the officer answered one of several calls made to one of the phones, a male voice stated, "Chris, I need a $50 rock on American Avenue." (Id. at 24-26). Jeff Kirkland testified at trial that he made that call to Holloway on the night in question for the purpose of purchasing $50 worth of crack cocaine. The prosecution introduced phone logs that verified calls were made from Kirkland's grandmother's telephone to Holloway's cell phone on the night of the stop. When he was stopped, Holloway was less than five miles from Kirkland's location.

Holloway ultimately appeared before this Court for sentencing on December 12, 2005. The Court acknowledged that the Guidelines suggested a sentencing range of 262 to 327 months of incarceration and sentenced Holloway to a total term of imprisonment of 262 months, to be followed by a 4-year term of supervised release. Holloway appealed his conviction and sentence, and the Sixth

-4-

Circuit affirmed the conviction and sentence on direct appeal. Subsequently, Holloway's petition to the United States Supreme Court for a writ of certiorari was denied.

On March 18, 2008, Holloway filed a Motion to Reduce Sentence based upon a retroactive application of Amendment 706 to the Sentencing Guidelines which was denied on the grounds that Holloway had been sentenced as a career offender rather than under the crack cocaine Guidelines. On May 14, 2008, he filed a second Motion for Reduction of Sentence, objecting to certain findings in the Presentence Investigation Report which was denied on the grounds that the issues raised therein were meritless, untimely, and waived. Holloway appealed the denial of his Motion to Reduce Sentence to the Sixth Circuit, and, on September 3, 2009, the Sixth Circuit Court of Appeals affirmed the District Court's denial of the Motion to Reduce Sentence.

Holloway has now filed the present motion, pursuant to 28 U.S.C. § 2255, in which he claims a parade of wrongs, none of which merit the relief he seeks for the reasons stated in this Opinion and Order.

**III. Discussion**

    **A.   Holloway's Claim of Error in Sentencing Fails**

The Magistrate Judge recommends that Holloway's § 2255 Motion be denied as to his argument that this Court violated his Fifth Amendment right to due process when it refused to lower his

sentence after the applicable Sentencing Guideline was Amended. This Court's decision to deny his Motion to Reduce Sentence has already been affirmed on the grounds that Holloway was not eligible for a reduction under Amendment 706 to the Sentencing Guidelines because he was sentenced as a career offender and the career offender Guideline range was not affected by the Amendment [DE 92]. As the Magistrate Judge explains, Holloway may not use his § 2255 motion to relitigate the issue of whether this Court erred when it declined to lower his sentence after the applicable Sentencing Guideline was amended because that issue was raised and considered on direct appeal and he can demonstrate no exceptional circumstance that would cause the Court to take the issue up again. *See United States v. DeGroat*, 102 F. App'x 956, 959 (6th Cir. 2004) (quoting *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999)); *Stephan v. United States*, 496 F.2d 527, 528-29 (6th Cir. 1974). The Court agrees, and his Motion shall be denied for the reasons set forth in the Report and Recommendations.

**B. Holloway's Claims of Ineffective Assistance of Counsel Fail**

The Magistrate Judge next recommends that Holloway's § 2255 Motion be denied as he cannot demonstrate that he was provided ineffective assistance of counsel during his trial or at sentencing under *Strickland v. Washington*, 466 U.S. 668, 687 (1984), on any of the grounds that he has argued. As explained below, the Court agrees with the Magistrate Judge's recommendation that Holloway's

Motion be dismissed with respect to this argument and concludes that Holloway has failed to demonstrate that his counsel's performance was deficient.

To prevail on a claim of ineffective assistance of counsel, a defendant must first demonstrate that his counsel's performance was deficient, i.e., that it "fell below an objective standard of reasonableness." *Id.* at 687-88. With respect to specific errors alleged by a defendant, this Court must subject the allegations to rigorous scrutiny, determining "whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.* at 690. In this instance, the Court concludes that they were not.

### 1. Court Will Not Speculate About What Witness Testimony Might Have Been in the Absence of Proof of Same

In his Objections, Defendant first takes exception to the Magistrate Judge's conclusion that the Court should not consider whether his trial counsel was ineffective for failing to call four particular witnesses because there are no affidavits or other evidence to demonstrate how those witnesses might have testified at trial. Holloway argues that the Magistrate Judge's conclusion that his assertions about what that testimony might have been are too speculative to warrant relief is precisely why he should have relief – because there could have been speculation about whether he had knowledge of the firearm involved in this matter. Holloway

misses the point. While he wishes the Court to understand that testimony from these four witnesses might have caused a jury to speculate about his lack of knowledge of the firearm, it does not change the fact that the Court cannot and will not attempt to intuit to what these witnesses might have testified without an affidavit to establish it. His claim fails in this regard.

### 2. Cross-Examination of Kirkland

Next, he argues that the Magistrate Judge misunderstood his argument and, thus, failed to properly evaluate his counsel's alleged ineffectiveness in cross-examining witness Jeff Kirkland. In his objections and motion, Holloway argues that his counsel should have but failed to question Kirkland about "inconsistent testimony" that Kirkland made to counsel during a pretrial interview.[1] First and foremost, Holloway has offered no evidence that this pretrial interview was made under oath, so there could be no inconsistent "testimony" as the Court understands that term. Nor has he explained how such cross-examination would have altered the outcome of the trial. Holloway has failed to demonstrate that the allegedly deficient performance of his counsel prejudiced the defense; that, but for the deficiency, the outcome of the proceedings would have been different. *Strickland*, 466 U.S. at

---

[1] Holloway alleges that, in that earlier, unsworn statement, Kirkland said that an FBI agent had told him that if he did not testify against Holloway that the FBI would revoke Kirkland's probation and take his grandmother's house.

694. His claim fails.

### 3. Counsel Was Not Ineffective for Failing to Object to Trial Judge's Questions to Witness

In his third objection, Holloway argues that the Magistrate Judge concluded in error that his counsel was not ineffective when he did not object to questions that the trial judge posed to a witness because the line of questioning was not properly the subject of an objection.[2] Having considered Holloway's argument, the Court agrees with the Magistrate Judge's assessment of the issue. The Court need not examine Holloway's argument further than did the Magistrate Judge for the undersigned also concludes that he neither questioned the witness's credibility nor placed it in doubt through his inquiry as Defendant suggests. Further, any error would have been cured when this Court instructed the jury that "[n]othing I've said or done during this trial is meant to influence your decision in any way." It follows that Holloway's attorney was not ineffective when he did not object. *United States v. Glover*, 21 F.3d 133, 137 (6th Cir. 1994).

### 4. Defense Counsel's Knowledge of Crack Cocaine/Cocaine Base

Finally, Holloway argues that the Magistrate Judge

---

[2] During the testimony of Daniel Lee, the witness said that it was possible, but not likely, that an individual using crack cocaine could save it for use another day rather than using it up an entire portion all at once. The Court offered that it was also possible that he played basketball for the University of Kentucky, but not likely, and that he would have been the worst "that ever played" had he done so.

misunderstood his argument as to counsel's ineffectiveness with respect to counsel's knowledge and argument regarding the difference between cocaine base and crack cocaine. In this regard, the Court notes that the Magistrate Judge has correctly stated that crack cocaine and cocaine base are the same for the purposes of the sentencing guidelines and that, ultimately, Holloway was not prejudiced by the use of the interchangeable use of the terms "crack cocaine" and "cocaine base" during the trial of this matter. [DE 106 at 12-13.] Nonetheless, in order to fully address Petitioner's arguments as reparsed in his objections and "amended" Motion to Vacate, the Court finds it necessary to offer additional analysis herein. Ultimately, for the reasons stated in the Magistrate Judge's Report and Recommendation, as well as those set forth below, Petitioner's argument fails, and his § 2255 Motion must be denied.

   **i. No Constructive Amendment of Indictment by Jury Instructions**

In his Reply and Amendment, Holloway argues that Jury Instructions 11 and 12 worked a constructive amendment of the indictment in this matter in violation of his rights. The Court concludes that they do not.

Count 1 of the Indictment [DE 1] charged him with "knowingly and intentionally possess[ing] with intent to distribute five grams or more of a mixture or substance containing a detectable amount of cocaine base (crack cocaine)" in violation of 21 U.S.C. §

841(a)(1). In Jury Instruction No. 11, the Court instructed the jury that, in order to find Defendant Holloway guilty of the crime charged in Count 1 of the indictment, they had to be convinced beyond a reasonable doubt that "the defendant possessed a controlled substance, that is, crack cocaine, a Schedule II controlled substance," that he "knew that the substance was crack cocaine," and that he "intended to distribute the crack cocaine."

The Court also instructed the jury that the term "controlled substance" meant "a drug or other substance included in Schedule II of the federal drug laws, and would include 'cocaine base.'" In Instruction 12, the Court instructed the jury on the "lesser included charge of possession of crack cocaine." The verdict form completed by the jury required them to indicate which amount of "cocaine base, that is 'crack cocaine'" for which believed Defendant to be responsible: "Five grams or more of a 'mixture' or substance containing a 'detectable' amount of crack cocaine" or "less than five grams of a 'mixture' or substance containing a detectable amount of crack cocaine.

Looking at the language contained in these documents, the Court is not persuaded that there was a constructive amendment of the indictment by virtue of the jury instructions offered, even if one could assume that there was any meaningful distinction between "crack cocaine" and "cocaine base" for the purposes of this case. Holloway was charged with possession with intent to distribute

crack cocaine.  By virtue of the jury instructions and as represented on the verdict form used by the jury, he was convicted of possession with intent to distribute crack cocaine. Accordingly, this argument fails.

> ### ii. Evidence that Substance Possessed by Holloway Was Crack Cocaine and Not Another Form of Cocaine Base Was Presented to the Jury

Holloway next argues that there was insufficient proof to establish possession with intent to distribute crack cocaine and that he, thus, was provided ineffective assistance of counsel because his attorney failed to recognize and argue this to the jury, the Court rejects his argument.  The Court is not persuaded because – again, assuming that there was any meaningful distinction between "crack cocaine" and "cocaine base" for the purposes of this case – Holloway's argument assumes that the sole evidence presented at trial of the identity of the substance he was carrying at the time of his arrest was from the testimony of Kentucky State Police forensic chemists, both of whom testified that the substance tested positive for "cocaine base."

In making his argument, Holloway ignores that Officer Masterson identified the substances found in Holloway's left front pants pocket and his shirt pocket as crack cocaine.  Officer Masterson also testified that the passenger in Holloway's car on that fateful night appeared to be under the influence of drugs and had, in her possession, a crack pipe.  Officer Masterson testified,

as well, that he answered a phone call made to one of Holloway's cell phones in which a male voice said, "Chris, I need a $50 rock on American Avenue." A reasonable juror could conclude that a telephone call requesting a "rock" sought a rock of crack cocaine as opposed to, say, one among a collection of pebbles or a piece of gravel retrieved from a parking lot. Nor does it help Holloway's argument that Jeff Kirkland testified that he telephoned Holloway for the purpose of purchasing crack cocaine.

In other words, Holloway's counsel could not have been ineffective for failing to argue that there was no proof that the substance Holloway possessed was "crack" because the prosecution presented a substantial amount of evidence at trial from which the jury could have and, by all appearances, did conclude that the substance he had in his possession was crack. This argument fails, as well.

### C. Certificate of Appealability

Finally, the Court considers whether a certificate of appealability should issue in this matter. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order for a certificate to issue, Petitioner must be able to show that reasonable jurists could find in his favor, and the "question is the debatability of the underlying federal constitutional claim, not the resolution of that

debate." *Miller-El v. Cockrell*, 537 U.S. 322, 342 (2003).

Having carefully considered the matter, this Court concludes that no certificate should issue as Petitioner cannot make a substantial showing of the denial of a constitutional right.

### III. CONCLUSION

For all of the reasons stated above, **IT IS ORDERED**:

(1) that the Magistrate Judge's Report and Recommendation [DE 106] is **ACCEPTED** and **ADOPTED**; and

(2) that Holloway's Motion to Vacate, Set Aside, or Correct his sentence pursuant to 28 U.S.C. § 2255 [DE 93], as amended [DE 97], and his "Amendment to Appellant's 2255 Motion" [DE 108] are **DENIED**; and

(3) that no certificate of appealability will issue.

This is the 15th day of August, 2011.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge