UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | 5:05-cr-63-JMH-CJS-1 |
| v. | ) | |
| | ) | |
| CHRISTOPHER HOLLOWAY, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\* \*\* \*\* \*\* \*\*

This matter comes before the Court on remand from the United States Court of Appeals for the Sixth Circuit. [DE 136; DE 137]. On September 5, 2019, the Sixth Circuit held that this Court erred in finding Defendant Christopher Holloway's ineligible for a sentence reduction under the First Step Act of 2018 and the Fair Sentencing Act of 2010. [DE 136 at 2, PageID #977]. The Sixth Circuit's mandate issued on September 30, 2019. [DE 137]. Pursuant to the Sixth Circuit's Order, [DE 136], and for the reasons set forth herein below, Holloway's sentence is eligible for sentence reduction, and his sentence is, and hereby shall hereby be, **REDUCED** to 210 months on Count 1.

### I. DICUSSION

After a jury trial, Holloway was found guilty of possession with intent to distribute cocaine base ("crack" cocaine) in the

amount of 7.6 grams and being a felon in possession of a firearm. [DE 58, DE 67]. Holloway's possession of five or more grams of crack cocaine carried a statutory penalty of five to forty years. As a result, he received a career offender level of 34, a criminal history category of VI, and an advisory guideline range of 262 to 327 months. Accordingly, On December 2005, Holloway was sentenced to 262 months on Count 1 and 120 months on Count 3, to be served concurrently, for a total term of imprisonment of 262 months, to be followed by a four-year term of supervised released. [DE 67]. Holloway sentenced at the bottom of Holloway's advisory guideline range. [Id].

Holloway's sentence was based on Holloway's status as a career offender pursuant to U.S.S.G. § 4B1.1, not the guidelines ranges in U.S.S.G. § 2D1.1, which are based on drug quantity. [DE 67; DE 77, PageID #517]. The Sixth Circuit confirmed the conviction and sentence on direct appeal. Holloway filed multiple petitions for habeas relief and has moved for reductions of sentence.

However, on December 21, 2018, the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 was signed into law. Among other reforms, Section 404 of the First Step Act retroactively applies certain sentencing reform provisions of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372. Specifically, the First Step Act retroactively applies the reduced statutory penalties for crack cocaine offenses in the FSA to

2

"covered offenses"[1] committed before August 3, 2010. *See United States v. McCloud,* 730 F.3d 600, 601 (6th Cir. 2013). Thus, a court that imposes a sentence for a covered offense may impose a sentence as if the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed. This reduction in sentence may be made by the court on its own or on a motion of the defendant, the Director of the Bureau of Prisons, or an attorney for the United States.

As a result, in early 2019, the Court received a list of prisoners that might be eligible for a reduction of sentence under the First Step Act and ordered that the United States Probation Office review the listed cases and issue a report. [DE 124]. Upon review of that report, and Holloway's case generally, the Court entered a *sua sponte* denial of a reduction of sentence based on Holloway's status as a career offender. [DE 125].

On February 12, 2019, Holloway moved for resentencing based on the First Step Act. [DE 126], which the Court denied for the same reason, based on Holloway's sentencing as a career offender. [DE 127]. On February 15, 2019, Holloway moved for reconsideration of the Court's previous *sua sponte* denial of a sentence reduction

---

[1] The term "covered offense" is defined as a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372; *see also*, "First Step Act of 2018," S. 756, 115th Cong. tit. IV, § 404(a) (2018). The retroactive application of the Fair Sentencing Act of 2010 is consistent with Judicial Conference policy. JCUS-MAR 16, p. 13-14.

based on the First Step Act. [DE 128]. The Court then entered a Memorandum Opinion and Order denying Holloway's motion. [DE 127].

Holloway filed an appeal, *pro se*, to the Sixth Circuit [DE 131], docketed as case number 19-5180 [DE 132], challenging this Court's order *sua sponte* denying Defendant a sentence reduction [DE 125] and denying Defendant's motion for reconsideration. [DE 131]. On appeal, the United States moved to remand the case to the district court and Holloway did not oppose the motion.

On September 5, 2019, the Sixth Circuit entered an Order finding that this Court erred finding Holloway was not eligible to receive a sentence reduction and remanded the action to this Court. [DE 136 at 2, PageID #977]. Here, Holloway received a career offender level of 34, a criminal history category of VI, and an advisory guideline range of 262 to 327 months. [Id.]. Retroactive application of the Fair Sentencing Act would, however, have lowered his career offender level of 34 to a level of 32, and thus would have reduced his applicable guideline range to 210 to 262 months. [Id]. As a result, the Sixth Circuit reasoned that, despite the fact that Holloway was sentenced as a career offender and not based on the drug quantities involved, Holloway still should have received a lower career offender level, which would have, in turn, lowered his advisory guideline range. [Id.]. Such a reduction in applicable guideline range makes Holloway eligible for a reduction in sentence. [Id].

4

As noted above, Holloway was initially sentenced 262 months, which was the bottom of his original applicable guideline range. Retroactively applying the Fair Sentencing Act reduces his guideline range to 210 to 262 months. As a result, we find it appropriate that Holloway receive a reduction in sentence to 210 months on Count I, the bottom of his new guideline range. Accordingly, and upon the Court's own motion, **IT IS ORDERED** as follows:

1) That Defendant Christopher Holloway's sentence of 262 months imprisonment on Count 1, is **VACATED**;

2) That Defendant Christopher Holloway is hereby **SENTENCED** to 210 months imprisonment on Count 1;

3) That all other terms and conditions of Defendant Christopher Holloway's sentence shall remain unmodified;

4) That the Clerk of Court shall **PROVIDE** copies of this Order to Defendant Christopher Holloway, counsel for the United States, and the United States Probation Office by either facsimile, electronic mail, U.S. Mail, or any other method the Clerk of Court deems expedient; and

5) That Upon receiving this Order, the United States Probation Office **SHALL PREPARE** an Amended Judgment reflecting the changes to Defendant Christopher Holloway's sentence that are set out in this Order.

This, the 7th day of October, 2019.


Signed By:
*Joseph M. Hood*
Senior U.S. District Judge